# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PATRICK DEANGELO BRINSON, )
)
    Plaintiff, )
)
v. ) Case No. CV412-105
)
)
CLARENCE JACKSON, )
LUCRITIA HILL and )
JAMES COOK, )
)
    Defendants. )

## ORDER

Proceeding *pro se* and using a 42 U.S.C. § 1983 form complaint, inmate Patrick DeAngelo Brinson sues his jailers for excessive force. Doc. 1.[1] He alleges that he was wrongly suspected of possessing a

---

[1] Since he has completed his *in forma pauperis* (IFP) paperwork, docs. 4 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to dismiss *sua sponte* a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus

forbidden cell phone and that jail official Clarence Jackson "without cause or provocation body slammed me on the concrete floor[,] causing my left pinky finger to become dislocated and split from the nail to the backside of my hand. . . ." Doc. 1 at 6. He also sues Lucritia Hill "as the superintendent whom the officers are instructed by to confiscate said contraband." *Id.* Finally, he names as a defendant Chief of Security James Cook, who "is in charge of training the officers [on] how to take contraband from Residents." *Id.* He seeks damages. *Id.* at 9.

In Eighth and Fourteenth Amendment excessive force cases, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010); *id.* at 1179-80 (state prisoner's allegations that corrections officer punched, kicked, kneed, choked, and body slammed him maliciously and sadistically and without any provocation, leaving him with a bruised heel, back pain,

---

viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

and other injuries requiring medical treatment, stated a claim under § 1983 for use of excessive force, in violation of Eighth Amendment prohibition of cruel and unusual punishment); *Skelly v. Okaloosa County Bd. of County Com'rs*, 456 F. App'x 845, 849 (11th Cir. 2012) (arrestee's testimony in § 1983 action that county corrections officers attacked her and used tasers on her without provocation was sufficient to support finding that officers had applied force maliciously and sadistically, rather than in a good-faith effort to restore or maintain orders). Brinson has stated an excessive force claim against Clarence Jackson, but as presently framed, his failure-to-train allegation against the jail's superintendent and chief of security fails to state a claim for relief.

"It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotations and citations omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a

supervising official and the alleged constitutional violation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Such a causal connection may arise based upon a supervisory official's failure to train an employee. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989) ("an allegation of a 'failure to train' can be the basis for liability under § 1983"). But to state a claim a plaintiff must plead sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, plaintiff's mere conclusory allegation that his injury at the hand of an individual guard was the result of "improper training" by the jail's superintendent and security chief is insufficient to plead a factually plausible claim.[2] He has neither pled specific facts showing that

---

[2] In order to prevail on such a claim, Brinson must establish that the supervisors had a policy of failing to train or supervise employees and that this policy caused their employees to violate his constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (discussing municipal liability in the context of a failure to train or supervise claim); *see West v. Tillman*, 496 F.3d 1321, 1331 & n. 16 (11th Cir. 2007) (citing *Gold* in the context of a failure-to-train claim directly targeting specific supervisors). Absent any express written or oral policy encouraging the violation of a detainee's rights (which Brinson has not alleged), he is required to plead facts demonstrating that the supervisors' failure to train Jackson amounted to deliberate indifference to Brinson's rights. *See Gold*, 151 F.3d at 1350; *see also Battiste v. Sheriff of Broward County*, 261 F. App'x 199, 202 (11th Cir. 2008) (per curiam) ("A supervisory official is liable under § 1983 when 'his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into

4

defendant Jackson's training was deficient and that the deficiency contributed to the alleged wrongdoing, nor explained whether the supervisors were on notice that such a failure in training was likely to lead to a deprivation of rights (e.g., he has not suggested that Jackson's use of force was part of larger pattern of such incidents or that his training was so deficient and the environment so adverse to the exercise of restraint that a violation was "highly predictable"). Absent any supporting details, Brinson simply has not presented "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

contact; and the failure has actually caused the injury of which the plaintiff complains.'" (quoting *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994))). He may do so by showing that "the need for more or different training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right." *Belcher*, 30 F.3d at 1397–98 (discussing failure to train claims at the summary judgment level) (internal citations omitted); *see Cottone*, 326 F.3d at 1360 (explaining that at the pleading stage, plaintiff must offer some facts supporting the causal connection between the supervisor and the alleged violator, including, *inter alia*, facts showing widespread abuse which put the supervisor on notice of an ongoing problem or a custom or policy resulting in such violations). Alternatively, he may do so "in a narrow range of circumstances" where there is no pattern of violations, but the failure to train was obvious and led to the "highly predictable" violation of plaintiff's constitutional rights. *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1361 (2011).

For the reasons explained above, the Court **DIRECTS** the Clerk to forward the complaint and this Order to the Marshal for service upon Clarence Jackson. Brinson, meanwhile, will be permitted fourteen days to amend his complaint to attempt to set out a claim against defendants Hill and Cook. If he fails to do so, the undersigned will recommend that they be dismissed from this action.

Meanwhile, it is time for Brinson to pay his filing fee. Based on his furnished information, doc. 7 at 1 (-$24.30 average monthly balance for the last six months), the Court has determined that he has no funds in his prison account and therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," a specific 20 percent formula). But his custodian (or designee) shall set aside 20 percent of all future deposits to Brinson's prison account, then forward those funds to the Clerk each time the set-aside amount exceeds $10.00, until the Court's $350.00 filing fee has been paid in full.

In that respect, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian (G. Sheppard, doc. 7) immediately, as this

payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to the new custodian. The balance due from the Brinson shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this 5th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA