# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PATRICK DEANGELO BRINSON, )
)
   Plaintiff, )
)
v. ) Case No. CV412-105
)
)
CLARENCE JACKSON, )
LUCRITIA HILL and )
JAMES COOK, )
)
   Defendants. )

## ORDER

The Court's October 4, 2012 Report and Recommendation is **VACATED**. Doc. 10. Proceeding *pro se* and using a form complaint, inmate Patrick DeAngelo Brinson brought this excessive-force, 42 U.S.C. § 1983 case against his jailers. Doc. 1. He alleges that he was wrongly suspected of possessing a forbidden cell phone and that prison official Clarence Jackson "without cause or provocation body slammed me on the concrete floor[,] causing my left pinky finger to become dislocated and split from the nail to the backside of my hand. . . ." *Id.* at 6. He also sues Lucritia Hill "as the superintendent whom the officers are instructed

by to [sic] confiscated said contraband." *Id.* Finally, he names as a defendant Chief of Security James Cook, who "is in charge of training the officers of how [sic] to take contraband from Residents." *Id.* He seeks damages. *Id.* at 9.

In a September 5, 2012 Order the Court concluded that Brinson stated an excessive force claim against Jackson, but pled only a general supervisorial liability (hence, legally insufficient) § 1983 claim against Hill and Cook. It thus gave him 14 days to file a curative amendment. Doc. 9. After he failed to comply, the Court advised that defendants Hill and Cook be dismissed from this case. Doc. 10. at 2.

In his Fed. R. Civ. P. 72(b)(2) Objection, Brinson claims he never received the September 5th Order, nor anything beyond a June 13, 2012 Order.[1] Doc. 12 at 1. He moves the Court to re-send him all filings after that date. *Id.* He also states that he has been kept in lockdown for

---

[1] He had sent in an address change, docketed on June 25, 2012. Doc. 6. The Clerk duly noted it and sent the Court's September 5th Order to: "Patrick Brinson, #1160730, Johnson State Prison, P.O. Box 344, Wrightsville, GA 30466." Doc. 9 (service note). That conforms with his address change. Nevertheless he claims he has not received documents 8, 9 & 10, and he requests that the Clerk re-send them to him. Doc. 12 at 1. Document 8 is merely a ministerial "staff note." Document 9 is the September 5th Order, and document 10 is the now vacated R&R that he obviously received, given his Objections. The Clerk is thus **DIRECTED** to send him only a copy of the September 5th Order, doc. 9.

2

the past two months and barred from law library access. *Id.* at 2. Finally, he moves the Court to order the defendants to produce to him all pictures that it took of his injuries. *Id.* He worries that they may be destroyed. *Id.*

Brinson also supplies a "Curative Amendment." Doc. 12-1. There he insists Lucretia Hill should remain in this case because she is the facility's superintendent and "it is by her orders that the officers make it her duty to pursue residents thought to be in possession of cell phones. If it was not by her command that situation of abuse would not happen. Secondly[,] James Cook should be held responsible for the fact that he physically trained and directed said officer in this incident." *Id.* at 2.

> Furthermore Plaintiff would like to show cause by using a hypothetical situation. If Plaintiff was to buy coffee at a fast food restaurant and be given a cup that opens from the bottom and burns him, then the person who gave him the cup, the training manager and the owner are all responsible for the matter at hand. In this case the person giving the cup if Clarence Jackson, the manager is James Cook and the owner would be Lucritia Hill.

*Id.*

Brinson plies nothing but standard negligence and *respondeat superior* legal theories that, as explained in the prior Order, doc. 9 at 3-7,

fail to make the grade. The Court thus affirms its prior ruling in advising that Hill be dismissed from this case. But the Court will grant plaintiff leave to expand on his claim that James Cook "directed said officer in this incident." Doc. 12-1 at 2. If he means that Cook was at the scene of the beating and directed Jackson to "body slam" him, doc. 1 at 6, then he states a claim against Cook. If he means that Cook deliberately trained Jackson to do that, then that also states a claim.

But if plaintiff is simply asserting that Cook generally trained Jackson, and it is merely Brinson's *inference* that such included Cook's direction to body-slam inmates like Brinson, then such a conclusory allegation would fail to meet the standard set forth by *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009), as previously explained. *See* doc. 9 at 1 n. 1. Brinson shall have 21 days to re-plead that point. And now that he will have the benefit of the September 5th Order explaining the legal standards, he is free to re-plead his case against defendant Hill.

Brinson is reminded, however, that he must plead *facts*, not falsehoods or vague generalities. And he must declare the facts he pleads

to be true, under penalty of perjury per 28 U.S.C. § 1746[2] and 18 U.S.C. § 1623(a). *See United States v. Dickerson*, CR608-36, doc. 47 (S.D. Ga. Dec. 11, 2008) (convicted of violating 18 U.S.C. § 1623(a) while seeking 28 U.S.C. § 2255 relief); *aff'd*, 2010 WL 4409382 (11th Cir. Nov. 8, 2010).

Brinson is free to exercise his discovery and spoliation-claim[3] rights to obtain the medical documents he seeks. In fact, the Court is directing service on defendant Jackson, and after that service is noted on the record, Brinson may deploy all of his discovery rights on that score. *See, e.g.*, Fed. R. Civ. P. 34 (document requests).

To summarize, the Court's October 4, 2012 Report and Recommendation is **VACATED**. Doc. 10. The Clerk is **DIRECTED**

---

[2] At the end of any amended Complaint he must insert this over above his signature: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

[3] To prove spoliation, a party "must establish, among other things, that the destroyed evidence was relevant to a claim or defense such that the destruction of the evidence resulted in prejudice." *Eli Lilly & Co. v. Air Express Int'l, USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943 (11th Cir. 2005) (spoliation analysis hinges upon the significance of the evidence and the prejudice suffered as a result of its destruction). Once spoliation is proved, the plaintiff may be entitled to a jury instruction that the destroyed evidence would have adversely affected the spoliating party's claim or defense. Bad faith must be shown. Malice is not required, but mere negligence in losing or destroying records is not enough. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009).

to send plaintiff a copy of the Court's September 5, 2012 Order (doc. 9). The Court will advise the district judge to dismiss defendants Lucretia Hill and James Cook from this case unless, within 21 days of the date this R&R is served, Brinson files an amended Complaint stating claims against them. In the meantime, the Marshal shall serve defendant Clarence Jackson.

**SO ORDERED**, this 57th day of November, 2012.

/s/ M. Smith
**UNITED STATES MAGISTRATE JUDGE**
**§SOUTHERN DISTRICT OF GEORGIA**