# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PATRICK DEANGELO BRINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-105 |
| ) | |
| ) | |
| CLARENCE JACKSON, ) | |
| LUCRITIA HILL and ) | |
| JAMES COOK, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

In response to a previous Order, *pro se* inmate Patrick DeAngelo Brinson has filed a supplemental amended complaint in an effort to keep defendants Lucritia Hill and James Cook in this case. Doc. 15. It fails to make the grade. Some background: He brought this excessive-force, 42 U.S.C. § 1983 case against his jailers. Doc. 1. He alleged that he was wrongly suspected of possessing a forbidden cell phone and that prison official (and now defendant) Clarence Jackson "without cause or provocation body slammed me on the concrete floor[,] causing my left pinky finger to become dislocated and split from the nail to the

backside of my hand. . . ." *Id.* at 6. He also sued Hill "as the superintendent whom the officers are instructed by to [sic] confiscated said contraband." *Id.* Finally, he named as a defendant Chief of Security James Cook, who "is in charge of training the officers of how [sic] to take contraband from Residents." *Id.*

In a September 5, 2012 Order, the Court concluded that Brinson stated an excessive force claim against Jackson but pled only a general supervisorial liability (hence, legally insufficient) § 1983 claim against Hill and Cook. It thus gave him 14 days to file a curative amendment. Doc. 9. After he failed to comply, the Court advised that defendants Hill and Cook be dismissed from this case. Doc. 10. at 2.

Brinson then filed a Fed. R. Civ. P. 72(b)(2) objection, claiming he never got the September 5th Order, nor anything beyond a June 13, 2012 Order. Doc. 12 at 1. He moved the Court to re-send him all filings after that date, and claimed other impediments. *Id.* The Court thus vacated its ruling and also considered his "Curative Amendment." Doc. 13, *reported at* 2012 WL 5395638. In his amendment Brinson insisted that Hill should remain in this case because she is the facility's superintendent

2

and "it is by her orders that the officers make it her duty to pursue residents thought to be in possession of cell phones. If it was not by her command that situation of abuse would not happen. Secondly[,] James Cook should be held responsible for the fact that he physically trained and directed said officer in this incident." Doc. 12-1 at 2.

> Furthermore Plaintiff would like to show cause by using a hypothetical situation. If Plaintiff was to buy coffee at a fast food restaurant and be given a cup that opens from the bottom and burns him, then the person who gave him the cup, the training manager and the owner are all responsible for the matter at hand. In this case the person giving the cup if Clarence Jackson, the manager is James Cook and the owner would be Lucritia Hill.

*Id.*

But Brinson, the Court then ruled, plied nothing but standard negligence and *respondeat superior* legal theories that, as had been explained in the September 5th Order that he never received, doc. 9 at 3-7, failed to make the grade. Doc. 13. The Court thus affirmed its prior ruling in advising that Hill be dismissed from this case. But it granted plaintiff leave to expand on his claim that James Cook "directed said officer in this incident." Doc. 12-1 at 2. If he meant that Cook was at the scene of the beating and directed Jackson to "body slam" him, doc. 1 at

3

6, then he would state a claim against Cook. If he meant that Cook deliberately trained Jackson to do that, then that also would state a claim. Doc. 13 at 3-4.

However, the Court warned, if plaintiff is simply asserting that Cook generally trained Jackson, and it is merely Brinson's *inference* that such included Cook's direction to body-slam inmates like Brinson, then such a conclusory allegation would fail to meet the standard set forth by *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009), as previously explained. *See* doc. 9 at 1 n. 1. The Court thus gave him a chance to re-plead that point. And, he would have the benefit of the September 5th Order explaining the legal standards, so he also was free to re-plead his case against defendant Hill. Doc. 13 at 3-4. In response, Brinson (in raw, unedited form)

> argues that James Cook did train and direct Clarance Jackson on retrive contraband. Furthermore plaintiff uses the fact that this was not the lawful or appropriate training and assert that Mr. Cook's lack to train Mr. Jackson in proper takedown procedures were sufficient enough cause to be held responsible along side Mr. Jackson according *City of Canton v. Harris*, 489 U.S. 3788, 387, (1987) ("an allegation of 'failure to train' can be the basis for liability under 1983)
>
> The fact that Mr. Jackson body slammed was a result of Mr. James Cook and Ms. Lucritia Hills order to retrieve any phones in the possession of any inmate is a direct link to place the named

4

Defendants in place to give training on how to retrieve said phone without using excessive force. It should be obvious via Mr. Cook and Ms. Hill's lack to train Mr. Jackson on how to properly retrive contraband would led to the "highly predictable" violation of plaintiff's constitutional rights. *Connick v. Thompson*, ___ U.S. ___, 131 S.Ct. 1350, 1361 (2011)

Plaintiff brings to light that Ms. Hill after reviewing a video of the alleged incident utilized her powers to dismiss disciplinary action toward plaintiff for possession of said cell phone in which never was recovered or proven to have been in the plaintiff's possession of said contraband. Although the physical and mental damage had already been caused.

By both the failure to train Clarence Jackson and reckless instruction to retrieve contraband without regard of Plaintiff's civil rights should be enough to grant Plaintiff's request that both James Cook and Lucritia Hill be included in further portion of this lawsuit.

Doc. 15 at 2-3.

Once again, Brinson misses the boat. As the September 5th Order explains:

In order to prevail on such a claim, Brinson must establish that the supervisors had a policy of failing to train or supervise employees and that this policy caused their employees to violate his constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (discussing municipal liability in the context of a failure to train or supervise claim); *see West v. Tillman*, 496 F.3d 1321, 1331 & n. 16 (11th Cir. 2007) (citing *Gold* in the context of a failure-to-train claim directly targeting specific supervisors). Absent any express written or oral policy encouraging the violation of a detainee's rights (which Brinson has not alleged), he is required to plead facts demonstrating that the supervisors' failure to train

5

Jackson amounted to deliberate indifference to Brinson's rights. *See Gold*, 151 F.3d at 1350; *see also Battiste v. Sheriff of Broward County*, 261 F. App'x 199, 202 (11th Cir. 2008) (per curiam) ("A supervisory official is liable under § 1983 when 'his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact; and the failure has actually caused the injury of which the plaintiff complains.'" (quoting *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994))).

Doc. 9 at 4 n. 2. The Court supplied Brinson with pleading specifics:

He may do so by showing that "the need for more or different training is obvious, such as when there exists *a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right*." *Belcher*, 30 F.3d at 1397–98 (discussing failure to train claims at the summary judgment level) (internal citations omitted); *see Cottone*, 326 F.3d at 1360 (explaining that at the pleading stage, plaintiff must offer some facts supporting the causal connection between the supervisor and the alleged violator, including, *inter alia*, facts showing widespread abuse which put the supervisor on notice of an ongoing problem or a custom or policy resulting in such violations). Alternatively, he may do so "in a narrow range of circumstances" where there is no pattern of violations, but the failure to train was *obvious* and led to the "highly predictable" violation of plaintiff's constitutional rights. *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1361 (2011).

Doc. 9 at 4 n. 2 (emphasis added).

All Brinson alleges here is a general claim that the defendants failed to train Jackson and somehow they "must have known" he would body-slam Brinson. He alleges no *history* of violent body-slams or the

6

equivalent, much less a set of facts showing that "the failure to train was *obvious* and led to the "highly predictable" violation of plaintiff's constitutional rights." There was nothing "obvious" about a one-time violent digression from the norm, which is all Brinson has alleged. Defendants Hill and Cook therefore should be **DISMISSED** from this case and, upon adoption of this Report and Recommendation, the docket caption should be amended accordingly, with all subsequent filings to conform.

**SO REPORTED AND RECOMMENDED**, this 29th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
§SOUTHERN DISTRICT OF GEORGIA