UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| PATRICK DEANGELO BRINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CLARENCE JACKSON, ) <br> LUCRITIA HILL and ) <br> JAMES COOK, ) <br> ) <br> Defendants. ) | Case No. CV412-105 |

## REPORT AND RECOMMENDATION

Patrick DeAngelo Brinson brought this excessive force case against his jailers pursuant to 42 U.S.C. § 1983. Doc. 1. He alleged that he was wrongly suspected of possessing a forbidden cell phone and that a prison official, Clarence Jackson, "without cause or provocation body slammed me on the concrete floor[,] causing my left pinky finger to become dislocated and split from the nail to the backside of my hand. . . ." *Id.* at 6. He also sued other jail officials, but the Court has dismissed them. Doc. 16, *reported at* 2012 WL 5987541. Jackson now moves to dismiss, and it is unopposed under Local Rule 7.5 because Brinson has

failed to respond. Doc. 21.

Nevertheless, the Court can only grant a dismissal motion if it is legally supported.[1] The gist of defendant's motion is that an unprovoked body slam to the floor that causes a left pinky finger to become dislocated and split from the nail to the backside of the hand is a *de minimis* injury, which means that at most Brinson can recover nominal damages. But Congress, Jackson contends, eliminated nominal damages with the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996) (PLRA), specifically the portion codified at 42 U.S.C. § 1997e(e).[2] Doc. 21-1. The defendant thus reads § 1997e(e) as prohibiting nominal damages in the

---

[1] The Court agrees that to the extent Brinson may be seeking to hold Jackson (a state employee) liable for damages in his *official* capacity, such claim is barred by the Eleventh Amendment. A suit against a state employee in his or her official capacity is deemed to be a suit against the State for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Hence, that part of Jackson's motion to dismiss must be granted.

[2] "[T]he availability of nominal damages to a prisoner plaintiff who fails to allege a physical injury remains an unresolved issue in the Eleventh Circuit." *Smith v. Barrow*, 2012 WL 6519541 at * 4 (S.D. Ga. Nov. 9, 2012). *Cf. Banks v. William*, 2012 WL 4761502  at *4 (S.D.N.Y. Sept. 27, 2012) (§1997(e)'s prohibition against recovery for mental or emotional injury without a showing of physical injury "does not bar recovery entirely where physical injury is not alleged; it merely limits a plaintiff's recovery to nominal and punitive damages. *Edwards v. Horn*, No. 10 Civ. 6194(RJS)(JLC), 2012 WL 760172, at *22 (S.D.N.Y. Mar. 8, 2012) ("To recover punitive or nominal damages . . . a prisoner need not allege that he has sustained a physical injury") (citing *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002).").

absence of a physical injury beyond the *de minimis* level. Doc. 21-1 at 9.[3] And since, in Jackson's view, that essentially is what Brinson seeks, his case must be dismissed. *Id.* at 10-12.

Jackson's motion must be denied. The case of *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), on which Jackson partly relies, does not support dismissal. "In *Hughes*, we stated that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes*, 350 F.3d at 1162." *Frazier v. McDonough*, 264 F. App'x 812, 814 (11th Cir. 2008).

So even if Brinson alleged nominal damages, his claim would be established because he unmistakably is alleging the violation of a fundamental constitutional right -- his Eighth Amendment right to be free from cruel and unusual punishment. For that matter, he is *not*

---

[3] *Cf. Al-Amin v. Smith*, 637 F.3d 1192, 1197-98 (11th Cir. 2011) (state prisoner could not seek punitive damages relief on his § 1983 claim that his First Amendment rights were violated when prison officials opened his privileged attorney mail outside of his presence, since prisoner's constitutional claim did not assert a physical injury, as required for punitive damages).

3

seeking nominal damages.[4]  Doc. 1 at 9.  Still, once his complaint is afforded the liberal construction the law commands, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is clear that he is alleging that Jackson used force *not* "in a good faith effort to maintain or restore discipline, . . . [but] maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Such allegations support a compensatory and punitive damages claim.

Note that § 1997e(e) does not define what constitutes a physical injury, though most *de minimis* uses of physical force are "exclude[d] from constitutional recognition." *Hudson*, 503 U.S. at 9-10; *Harris v.*

---

[4]  Under the "Relief" section of his form § 1983 complaint he states (in unedited, verbatim form):

> I'd like to have the courts punish the defendant for their negligent and cruel punishment along with police brutality by awarding plaintiff $50,000 in monetary damages for violating my rights.  I also seek them to pay for any cost occurred for the filing of this complient.

Doc. 1 at 9.  Contrary to *Smith*, Brinson did not include a request, in the "Relief" portion of his complaint, to "[g]rant such other relief as it may appear that [P]laintiff is entitled." *Smith*, 2012 WL 6519541 at * 5.  Hence, there is no cause to liberally construe his Relief section to include a claim for nominal damages. *Cf.*, *Williams v. Brown*, 2009 WL 4906861 at * 2 (S.D. Ga. Oct. 20, 2009) (recognizing "implied" nominal damages claim in light of extraordinary length to which appellate panel went in remanding issue to this Court).  Electing not to pursue nominal damages can be a strategy call that an inmate litigant might make.  It is easy to imagine a close case where nominal damages beckon a mere $1 "compromise" verdict, while restricting such a jury to compensatory damages may constrain it to award a higher amount.

*Garner*, 190 F.3d 1279, 1286 (11th Cir.1999) (force "must be more than *de minimis*, [and] need not be significant"), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–1313 (11th Cir. 2002) (prisoner must allege "physical injuries that are greater than *de minimis*."). A dislocated finger is more than *de minimis*, though not significant.[5] More importantly,

> [t]his Court can find no authority limiting a prisoner's damages for the actual physical injury he may have suffered, even if the court determines the injury was *de minimis*. Section 1997e(e) only bars recovery for mental or emotional injury, and the Eleventh Circuit has held that "[c]ompensatory damages under § 1983 may be awarded [ ] based on *actual* injuries caused by the defendant...."

*Nix v. Carter*, 2013 WL 432566 at * 2 (M.D. Ga. Feb. 1, 2013) (emphasis added) (citing *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009)). *Nix*, for that matter, collected cases showing that nominal

---

[5] The Court has canvassed the case law and finds no authority for holding that a dislocated finger at most is a *de minimis* injury. It simply does not equate to the "nominal" injury level found in other cases. *See, e.g., Shaheed–Muhammad v. Dipaolo*, 138 F.Supp.2d 99, 110 n. 31 (D. Mass. 2001) ("[F]atigue, weight loss, and one episode of fainting that resulted in a minor head injury," are insufficient to satisfy the physical injury component of section 1997e(e)), cited in *Thompson v. Crews,* 2013 WL 771843 at * 2 (N.D. Fla. Feb. 8, 2013) ("Plaintiff's allegation of an improper diet, resulting in high blood sugar, fainting, headaches, cold sweats, dizziness, weakness, left arm numbness, weight loss, and other symptoms, is insufficient to establish that plaintiff suffered more than a *de minimis* physical injury arising from defendants' conduct.").

damages (again, they are not pleaded here) are available on a *de minimis* injury. *Id.* n. 11.

Jackson's motion to dismiss (doc. 21) therefore must be **GRANTED** in part and **DENIED** in part. His motion to stay discovery pending dismissal (doc. 22) is **DENIED**. Defendant shall, within 14 days, propose a Scheduling Order designed to advance this case to its conclusion.

**SO REPORTED AND RECOMMENDED** this 20th day of March, 2013.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA